### TEXAS PACIFIC RAILWAY COMPANY vs. McMULLEN.

NOTE.—This cause, decided by Court of Appeals, Austin Term, 1881, is of such interest to the profession, as well as to railroad employees, that we have deemed it best to produce it in our first number.—ED.

CITATION—LIABILITY OF RAILROAD—JURISDICTION OF COUNTY AND JUSTICE'S COURTS —Is Roadbed Realty or Personalty? Practice.

1. A citation which stated the cause of action was for the sum of $169 50 due upon six time checks for labor done on the grade of appellant's road, between Weatherford and Fort Worth, and that a lien was sought to be foreclosed on that portion of the grade of the railroad, held sufficient in a Justice's Court.

2. Held, the railroad company was liable for the amount due for labor performed on its roadbed, though performed whilst the work of construction was in the hands of an independent construction company, under a proper application of the statute. The Justice and County Court have jurisdiction to try such cases, and enforce judgment to any extent, short of foreclosing lien on the roadbed or realty.

3. The Justice Court and County Court have no authority to adjudicate and foreclose liens on real property. This is exclusively given to the District Court.

4. Is the grade or roadbed of a railroad real or personal property, quaere ? The court inclined to opinion it is real property but do not decide the question.

5. Justices of the Peace and County Courts may foreclose and enforce leins and mortages on personal property only, if within their amounts.

6. An unsatisfied judgment against the construction company for

the debt sued on is no bar to a recovery.  1. It was not plead under oath.
2. It was a proper subsisting demand against appellants.

Appeal from Parker county.

The facts appear in opinion of court.

Opinion by Winkler, J.

Whilst the road of appellants was being constructed from Fort Worth, in Tarrant county, to Weatherford, in Parker county, and the work of construction under a contract with the appellant by the Parker County Supply and Construction Company, sub-let to one Hall, the appellant and five other persons performed service and labor upon that portion of the roadbed embraced in the contract between the appellant and the Parker County Supply and Construction Company, sub-let to Hall.  The value of services rendered by the appellee and five other laborers, was evidenced by certain time checks, issued them by Hall, the time checks of the other five being endorsed by the others to the appellant.  These time checks issued to the appellants and the other five persons so endorsed to the appellant, aggregating the sum of one hundred and forty-six dollars and fifty cents, is the foundation of this suit. It is shown that prior to the institution of this suit the appellee sued the Parker County Supply and Construction Company on these time checks, and obtained judgment against it for the amount, which judgment was not appealed from nor vacated nor satisfied, and this judgment is plead in bar of the present suit.

The present suit was instituted by appellant, on the same cause of action, the identical time checks involved in the suit against Parker County Supply and Construction Company against the appellant, the railroad company, originally in a Justices Court of Parker county, where judgment was rendered in favor of the appellee, when an appeal was taken to the County Court, where judgment was again rendered in favor of the appellee for the amount of the time checks.  In both the Justice's Court and the County Court, besides the money judgment rendered, it appearing that the labor performed by the appellee and the others whose time checks had been endorsed to him was on the roadbed of appellant, between Weatherford and Fort Worth, it was adjudged that the appellee had a lien thereon; it was further ordered, adjudged and decreed, that an order of sale, directing the seizure and sale of so much of the "grade or roadbed" of the appellant, as would suffice to pay the amount of the judgment and costs. The defenses interposed were substantially the following :

1.   A motion to quash the citation from the Justice's Court.

2.   That the railroad company was not indebted to the plaintiff in any sum of money whatever.

3. That the court had no jurisdiction or authority to fore-close any lien upon its roadbed.

4. That the judgment in favor of the plaintiff against the Parker County Supply and Construction Company on the same time checks here sued on, is a bar to the recovery in this suit.

The principal ground of objection to the citation issued by the justice of the peace and served on the defendant seems to be that it does not sufficiently apprise the defendant as to the plaintiff's cause of action. In this respect we are of opinion the objection is not tenable. The citation informed the defendant that the cause of action was for the sum of $169.50 due upon six time checks for labor done on the grade of defendant's road, between Weatherford and Fort Worth, and that a lien was sought to be foreclosed on that portion of the grade of the railroad.

As to the manner the citation is directed to be served is deemed to be sufficient under the law, R. S. Art. We are of opinion that the railroad company was liable for the amount due for labor performed on its roadbed, though performed whilst the work of construction was in the hands of an independent construction company, under a proper application of the statute. The question of difficulty arises upon the third ground of the defense, the right of the Justice's Court or the County Court to enforce a lien upon the "grade or roadbed of the defendant and to order its seizure and sale in satisfaction of the judgment."

It is not pretended that either a Justice's Court or the County Court has jurisdiction to adjudicate and force liens on real property.

The jurisdiction on these matters is specially given to the District Court by the plain provision of the constitution. The District Court has original jurisdiction of all suits for the trial of title to land, and for the enforcement of liens thereon. (Art. 5, Sec. 8.) And the County Court shall not have jurisdiction of suits for the recovery of land. (Sec. 16 of the same article.) The question here is whether the grade or roadbed is real or personal property. It is not controverted in argument that if this character of property is real property, then neither the Justice's Court, nor the County Court, had power or authority to adjudicate in lein upon it—that such jurisdiction in matters of real property is conferred exclusively upon the District Court by the constitution. The question here presented appears to be an open one in this State, while the authorities of the different States do not agree. If it has been decided in Texas we are nor aware of it. When we look to our own statutes of the subject we find no solution of the

question. It is provided, however, that the courts of justices
of the peace have power to "forelose mortgages and enforce
leins on personal property when the amount in controversy is
within their jurisdiction," R. S., Art. 1539. But they have no
jurisdiction in suits for the trial of titles to land or of suits
for the enforcement of liens on land. Id., Art. 1544.

Without undertaking to settle the vexed question ex-
plicitly, whether the grade or roadbed of a railroad is real
or personal property, yet, we incline to the opinion it is the
former. We are of opinion that it is so intimately connected
with the realty, and partakes of its nature to so great an ex-
tent, as not to be embraced within either the letter, or the
spirit of the articles of the revised statutes above cited, as to
give justices of the peace authority to enforce mortgages or
other leins upon it. To give them such authority over it, it
should come clearly within the expression employed in the
statute of *personal property*, as a horse, an article of movable
property upon which a mechanic had employed labor in mak-
ing or repairing, an article of movable property pledged as
security for some definite purpose, as security for a debt and
the like. It is mortgages and liens of this character, that ex-
press authority is given to justices of the peace to enforce,
within their jurisdiction as to amount. Their jurisdiction should
be clearly within the terms of the law, and not be extended by
implication, for which no necessity is perceived. By article
1164, County Courts are prohibited from exercising jurisdic-
tion of suits for the "enforcement of leins upon land."

We are of opinion therefore that neither the justice's court
nor the County Court had jurisdiction to foreclose a lein upon
the grade or roadbed of the appellant's railroad, and that to
this extent the action of the County Court was without au-
thority, of law and void. As to the plea that the former suit
was a bar to this, besides not being pleaded under oath as re-
quired by law, it is sufficient answer to the argument of appel-
lant's counsel to say, that the record shows that the judg-
ment had not been satisfied, and in as much as in our opinion
the amount sued on was a proper subsisting demand against
the appellants, the former suit was no bar to the present. We
find no such error as would warrant a reversal of the judg-
ment, but because of error in enforcing a lien upon the ap-
pellant's roadbed the case having been tried without
a jury, that portion of the judgment which seeks to
enforce a lien upon the appellant's roadbed, and subjecting it
to seizure and sale, will be reversed and set aside at the costs
of the appellee in this court, otherwise the judgment is af-
firmed.